UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILSON A. DIAZ,

    Plaintiff,

v.                                                                       CASE NO. 8:17-cv-2537-T-23MAP

BANK OF AMERICA, N.A.,

    Defendant.
_____/

## **ORDER**

A decade ago, the Treasury Department introduced the Home Affordable Modification Program, which allegedly requires a participating bank to use "reasonable efforts" to modify the mortgage of a person in default or reasonably likely to default.[1] After an eligible mortgagor applies for a modification, the program requires several "trial payments" before the bank approves the modification.

## **THE PROCEDURAL HISTORY**

In June 2017, Wilson Diaz and 118 other plaintiffs sued Bank of America in a single action.[2] *Case no.* 8:17-cv-1534-RAL (M.D. Fla. June 27, 2017). The 292-page

---

[1] Bank of America disputes that a "reasonably foreseeable" likelihood of default qualifies a mortgagor for a modification and contends that a modification requires either delinquency or an "imminent default."

[2] In October 2016, several dozen plaintiffs (but not Diaz) sued Bank of America in a single action in the Circuit Court for Hillsborough County, and the bank invoked diversity jurisdiction and removed the action. *Case no.* 8:16-cv-3384-SCB (M.D. Fla. Dec. 12, 2016). Moving to dismiss the action, Bank of America argued misjoinder of the plaintiffs' claims, failure to plead fraud with particularity, failure to state a claim, expiration of the four-year limitation, and the absence of a private right to sue a bank for violating the requirements of the Home Affordable Modification

(continued...)

"shotgun" complaint, which copied swaths from a *qui tam* complaint in the Eastern District of New York,[3] alleged fraud and the violation of Florida's Deceptive and Unfair Trade Practices Act. In the part of the complaint specific to him, Diaz alleged that in May 2011 two Bank of America employees, "Marcia and John," told Diaz that a modification requires a default. (Doc. 1 at ¶ 245 in case no. 17-cv-1534) Bank of America allegedly omitted to mention that a reasonably foreseeable likelihood of default might qualify a mortgagor for a modification. Moving to dismiss the complaint, Bank of America argued misjoinder of the plaintiffs' claims, failure to plead fraud with particularity, failure to state a claim, expiration of the four-year limitation, and the absence of a private right to sue a bank for violating the requirements of the Home Affordable Modification Program.

Before resolving the motion to dismiss, the presiding judge observed that the complaint, which alleged neither each plaintiff's citizenship nor the amount in controversy between each plaintiff and Bank of America, failed to invoke diversity jurisdiction. (Doc. 15 in case no. 17-cv-1534) Ordered to amend the complaint to invoke diversity jurisdiction, Diaz and the other plaintiffs submitted a 403-page complaint. (Doc. 16 in case no. 17-cv-1534) For the second time, Bank of America moved to dismiss Diaz's complaint and repeated the arguments from the earlier

---

[2](...continued)
Program. Before the presiding judge resolved the motion to dismiss, the plaintiffs voluntarily dismissed the action.

[3] *United States ex rel. Gregory Mackler v. Bank of America, N.A.*, Case no. 1:11-cv-3270-SLT (E.D.N.Y. July 7, 2011).

motion. The presiding judge in that action found misjoinder, severed the plaintiffs' claims, and ordered the plaintiffs to sue separately.

The plaintiffs heeded the presiding judge's command. Between October 30, 2017, and November 3, 2017, more than a hundred plaintiffs sued Bank of America in the Middle District of Florida in eighty actions and alleged fraud under Florida common law. Excepting names, dates, addresses, and the like, the complaints are identical. The actions are distributed among eight district judges in the Middle District of Florida. In two actions, the presiding judges found the claims barred by the four-year limitation.[4]

In Diaz's third complaint (but the first complaint in this case), Diaz alleged (Doc. 1) four misrepresentations by Bank of America. First, Bank of America allegedly failed to mention that a reasonably foreseeable danger of default might qualify a mortgagor for a modification; second, Bank of America stated that the mortgagor failed to provide Bank of America with the documents necessary to complete the modification; third, Bank of America orally notified the mortgagor that the bank approved the requested modification; and fourth, Bank of America charged a "fraudulent" inspection fee. For the third time, Bank of America moved (Doc. 12)

---

[4] *Torres v. Bank of America, N.A.*, 2018 WL 573406 (M.D. Fla. Jan. 26, 2018) (Lazzara, J.), *appeal filed* (Case no. 18-10698); *Paredes v. Bank of America, N.A.*, 2018 WL 1071922 (M.D. Fla. Feb. 27, 2018) (Chappell, J), *appeal filed* (Case no. 18-11337). Additionally, a district judge in California found an identical claim barred by a limitation. *Mandiosa v. Bank of America, N.A.*, 2:17-cv-8153 (C.D. Cal. Mar. 15, 2018) (Walter, J.).

- 3 -

to dismiss the complaint. Diaz has not moved at any moment in this action for leave to amend the complaint.

A February 1, 2018 order (Doc. 15) dismisses each fraud claim except the claim that Bank of America omitted to mention that a reasonably foreseeable likelihood of default might qualify a mortgagor for a modification. In this claim, Diaz alleges that Bank of America instructed him on May 17, 2011, to "refrain from making his regular mortgage payments" in order to qualify for a modification. (Doc. 1 at ¶ 37) Bank of America allegedly omitted to mention that a reasonably foreseeable likelihood of default can qualify a mortgagor for a modification. (Doc. 1 at ¶ 37) Unaware of his option not to default, Diaz allegedly "refrained from" paying his mortgage and, as a result, "fell into default status." (Doc. 1 at ¶ 39) As a "direct result" of Bank of America's alleged omission, Diaz allegedly suffered the loss of both his home and the equity in his home. (Doc. 1 at ¶ 39)

Moving (Doc. 32) for summary judgment, Bank of America observed that Diaz defaulted in November 2008, two and a half years before Bank of America's alleged omission. In response to the motion for summary judgment, Diaz tacitly conceded that he defaulted before the alleged misrepresentation, affirmed that Bank of America advised him not to cure the default, and argued that he suffered a foreclosure after relying on Bank of America's advice. Objecting to Diaz's maintaining two putatively irreconcilable sets of factual assertions (that is, "I was not in default" and "I was in default"), Bank of America replied (Doc. 40) that Diaz

cannot in effect amend his complaint by responding to a motion for summary judgment with facts that conflict with the allegations in the complaint.

Identifying the discrepancy between the allegations in the complaint and the argument in the response, a June 8, 2018 order (Doc. 41) permits Diaz a final opportunity to amend the complaint to clarify the facts that substantiate the fraud claim.

## THE OPERATIVE COMPLAINT

In the third amended complaint (Doc. 42), Diaz tacitly concedes that he defaulted before the misrepresentation. For the fourth time, Bank of America moves (Doc. 43) to dismiss the complaint. This order will not repeat or resolve all of the arguments in the motion to dismiss, but several arguments merit discussion.

First, Bank of America argues persuasively that *Rooker-Feldman* bars the fraud claim.[5] Responding that Bank of America "gross[ly] misappl[ies]" *Rooker-Feldman*, the plaintiff argues that the fraud claim "do[es] not require a determination that the state court erroneously entered the foreclosure judgment." (Doc. 48 at 4) According to the plaintiff, the fraud claim amounts not to an indirect attack on the foreclosure judgment but rather a claim that Bank of America's "fraudulent actions resulted in a

---

[5] Also, Bank of America contends that the four-year limitation bars the claim. The plaintiff incorrectly states that "[t]his court previously ruled that [] Plaintiff's claims are not barred by the applicable statute of limitations." (Doc. 48 at 4) On the contrary, the February 1 order (which observes that the circumstances of this action suggest tardiness in suing) holds only that the expiration of the limitation is not apparent from the face of the complaint.

wrongful denial of a HAMP modification."[6] The plaintiff concludes, "It is because of this denial that Plaintiff faced foreclosure."

The weight of authority strongly supports Bank of America's argument that *Rooker-Feldman* bars the fraud claim. In *Figueroa v. Merscorp, Inc.*, 766 F.Supp.2d 1305 (S.D. Fla. 2011) (Altonaga, J.), *aff'd*, 477 Fed.Appx. 558 (11th Cir. May 11, 2012), a bank sued in state court to foreclose a mortgagor's property, and the state court entered judgment for the bank and ordered a foreclosure sale. Moving in state court to vacate the judgment, the mortgagor argued that the bank secured the foreclosure judgment through fraud. After the state court denied the motion, the mortgagor sued the bank in federal court under RICO and "[sought] damages arising out of the loss of his home." After thoroughly surveying the authority, Judge Altonaga found the claim "inextricably intertwined" with the foreclosure judgment. 766 F.Supp.2d at 1315–25. Affirming the dismissal under *Rooker-Feldman*, the Eleventh Circuit concluded, "The state court judgment formed the basis of or was intertwined with the injury complained of in Figueroa's instant complaint: that [Figureroa] lost his one half-interest in his property and home because of an improper foreclosure proceeding." 477 Fed.Appx. at 560.

Similarly, *Nivia v. Nation Star Mortg., LLC*, 620 Fed.Appx. 822 (11th Cir. Aug. 19, 2015), strongly suggests a bar by *Rooker-Feldman*. In *Nivia*, a bank won a

---

[6] As explained in the February 1, 2018 order, HAMP confers no private right of action on a borrower denied (rightfully or wrongfully) a mortgage modification. *Miller v. Chase Home Fin., LLC*, 677 F.3d 1113 (11th Cir. 2012).

foreclosure judgment in December 2011. Nine months after the judgment and a month before the foreclosure sale, the mortgagor requested a HAMP modification, which the bank denied. After the sale, the mortgagor sued in federal court for violations of HAMP and Florida's Deceptive and Unfair Trade Practices Act.

Finding the HAMP claim not barred by *Rooker-Feldman*, *Nivia* explains, "The homeowners alleged only that the lenders failed to respond adequately to their September 2012 request for a loan modification, which could not have been at issue in the foreclosure proceeding that concluded in December 2011."[7] 620 Fed.Appx. at 824. In contrast, *Nivia* finds the FDUTPA claim barred by *Rooker-Feldman*: "We construe the homeowners' allegation to extend beyond the lenders' denial of the September 2012 loan modification request and to include conduct before the foreclosure judgment. In effect, the homeowners' claim amounts to an equitable defense to foreclosure that [the homeowners] failed to raise before the state court." 620 Fed.Appx. at 825. Because success on the FDUTPA claim suggested error in the foreclosure judgment, *Nivia* finds the FDUTPA claim barred by *Rooker-Feldman*.

Little or nothing appears to distinguish the fraud claim in this action from the RICO claim in *Figueroa* or the FDUTPA claim in *Nivia*. The plaintiff alleges that Bank of America misrepresented the eligibility requirement for a modification and that this purported misrepresentation was "specifically designed by BOA to set

---

[7] Although finding the HAMP claim not barred by *Rooker-Feldman*, *Nivia* affirms the dismissal of the HAMP claim because HAMP confers no private right of action. 620 Fed.Appx. at 825 (citing *Miller v. Chase Home Fin., LLC*, 677 F.3d 1113 (11th Cir. 2012)).

- 7 -

Plaintiff up for foreclosure." (Doc. 42 at ¶ 42) The majority of the complaint chronicles a scheme in which Bank of America allegedly tricked the plaintiff into not paying the mortgage so that Bank of America could foreclose.[8] The plaintiff complains exclusively about a misrepresentation that preceded — and ultimately caused — the foreclosure. And the plaintiff alleges principally that the misrepresentation resulted in the "loss of home equity," a loss occasioned by the state-court action, which foreclosed the plaintiff's right of redemption and resulted in a deficiency judgment that included not just principal and interest owing but also the inspection fees owing under the lending agreement. Several times in the response, the plaintiff identifies the foreclosure as the injury over which the plaintiff sues. (Doc. 48 at 2, 3–4, 10–11) In sum, the fraud claim in this action appears a circuitous but unmistakable attempt to impugn the validity of the foreclosure judgment.[9]

Second, even if not barred by *Rooker-Feldman*, the fraud claim warrants dismissal for failure to state a claim. As explained elsewhere in this order, the

---

[8] As Bank of America correctly recognizes in the motion (Doc. 44) in limine, the remainder of the complaint appears copied from complaints and affidavits in unrelated civil actions.

[9] If not barred by *Rooker-Feldman*, the fraud claim is barred by *res judicata* (which some decisions occasionally describe in this circumstance as "merger-and-bar"). Under Florida law, a compulsory counterclaim includes a counterclaim "logically related" to the claim. *Neil v. South Fla. Auto Painters, Inc.*, 397 So. 2d 1160 (Fla. 3d DCA 1981). The Florida decisions construe this "logical-relation" test broadly. *Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378, 1381 & n.1 (11th Cir. 1991). The fraud claim in this action relates logically to Bank of America's claims in the foreclosure action: Bank of America alleged in state court that the plaintiff defaulted on the mortgage, and the plaintiff alleges in this action that the default resulted from Bank of America's misrepresentation of the eligibility requirement for a modification. Because the plaintiff must have counterclaimed but failed to counterclaim in state court, *res judicata* prevents the plaintiff's litigating the claim now. (Viewed somewhat differently, the fraud claim constitutes an affirmative and equitable defense that the plaintiff waived by failing to assert the defense in the state-court foreclosure action. Whatever the label, the same result obtains.)

October 30, 2017 complaint stated a claim based on Bank of America's alleged misrepresentation of the eligibility requirement for a modification. The plaintiff allegedly defaulted after Bank of America both instructed him to default and stated that a modification requires a default. Bank of America moved for summary judgment and observed that the plaintiff defaulted in November 2008, two and a half years before the alleged misrepresentation. Of course, a mortgagor cannot reasonably rely in 2008 on a 2011 misrepresentation.

Perhaps recognizing the merit in Bank of America's motion for summary judgment, the plaintiff asserted a new and different fraud theory in response to the motion for summary judgment. In the most recent complaint (Doc. 42), the plaintiff persists in alleging that Bank of America omitted to mention that a "reasonably foreseeable/imminent" default might qualify a mortgagor for a modification. Rather than assert that the misrepresentation induced the default, the plaintiff tacitly concedes a prior default and alleges that the misrepresentation caused the plaintiff to "remain[] in default." (Doc. 42 at 11) As Bank of America correctly argues (Doc. 43 at 18–19), the bank's omitting to mention a circumstance not pertinent to the defaulted mortgagor is immaterial.

In the penultimate paragraph of the response to the motion to dismiss, the plaintiff requests leave to submit a sixth amended complaint. (Doc. 48 at 11) The request warrants denial for at least three reasons. First, Rule 7(b), Federal Rules of Civil Procedure, requires a party to move for relief, and a request buried in a response

is not a motion.  *Long v. Satz*, 181 F.3d 1275, 1279–80 (11th Cir. 1999).  The plaintiff submits no proposed amendment and fails to explain what the prospective amendment might accomplish.  *See Long*, 181 F.3d at 1280 (affirming the denial of leave to amend where the plaintiff failed to explain the substance of a prospective amendment).  Second, a fourth amended complaint unduly prejudices Bank of America.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  Four complaints and three motions to dismiss in two years of litigation are enough.  Third, the plaintiff's conduct in this litigation reveals a "dilatory" intent.  *See Foman*, 371 U.S. at 182.  As described in this order and in the June 8 order, the plaintiff has repeatedly and tactically attempted to prolong this litigation.

**CONCLUSION**

Bank of America allegedly told the plaintiff that a mortgage modification requires a default but omitted to mention that a "reasonably foreseeable/imminent" default might qualify a mortgagor for a modification.  The complaint alleges that Bank of America intentionally misrepresented the requirement in an effort to trick the plaintiff into a foreclosure, which Bank of America successfully secured after suing in state court.  Because the fraud claim is "inextricably intertwined" with the state-court foreclosure, *Rooker-Feldman* bars the claim.  In any event, the fraud claim fails to state a claim.  The bank's omitting to mention a circumstance not pertinent to the defaulted mortgagor (that is, that a "reasonably foreseeable/imminent" default might qualify for a modification) is immaterial.  The motion (Doc. 43) to dismiss is

**GRANTED**, and the action is **DISMISSED**.[10]  The clerk is directed to terminate the pending motions and to close the case.

ORDERED in Tampa, Florida, on July 24, 2018.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[10] Because of the disposition of the *Rooker-Feldman* argument (a subject-matter jurisdiction defect), the dismissal is without prejudice.